## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Erica Y. Young | : | Chapter 13 |
| Debtor | : | |
| | : | Bankruptcy No. 15-12778-elf |

| | | |
|---|---|---|
| North Point Condominium I Owners Assoc. | : | |
| Movant | | Hearing Date: December 6, 2017 |
| | : | Time: 10:00 a.m. |
| v. | : | Location: Courtroom #1 |
| | : | |
| Erica Y. Young | : | |
| Respondent | : | |
| | : | |
| William C. Miller | : | |
| Trustee | : | |

## ORDER

AND NOW, this _____ day of _____, 2017, upon consideration of Movant's

Motion for Relief from the Automatic Stay under 11 U.S.C. §362(d)(1) and the proceedings

thereon, it is hereby ORDERED that said Motion is GRANTED. The Automatic Stay of all

proceedings, as provided under Section 362 of the Bankruptcy Code, is hereby modified with

respect to the Respondent and her property located at 3850 Woodhaven Road, Unit 706,

Philadelphia, Pennsylvania 19154, as to allow Movant to exercise any and all state law remedies

to collect the debt owed on the Premises arising post-filing of Debtor's Petition on April 22,

2015.

BY THE COURT:

_____
Eric L. Frank
United States Bankruptcy Judge

*Interested Parties*

| | |
|---|---|
| Chapter 13 Trustee: | William C. Miller, Esquire |
| | Chapter 13 Standing Trustee |
| | 1234 Market Street |
| | Suite 1813 |
| | Philadelphia, PA 19107 |
| | |
| U.S. Trustee: | United States Trustee |
| | Office of the U.S. Trustee |
| | 833 Chestnut Street |
| | Suite 500 |
| | Philadelphia, PA 19107 |
| | |
| Debtor's Counsel: | Christian A. Dicicco, Esquire |
| | Law Offices of Christian A. Dicicco |
| | 2008 Chestnut Street |
| | Philadelphia, PA 19103 |
| | |
| Debtor: | Erica Y. Young |
| | 3850 Woodhaven Road |
| | Unit 706 |
| | Philadelphia, PA 19154 |
| | |
| Movant's Counsel: | Gregory B. Nalencz, Esquire |
| | Binder & Canno, LLC |
| | 803 W. Market St. |
| | West Chester, PA 19382 |

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Erica Y. Young | : | Chapter 13 |
| Debtor | : | |
| | : | Bankruptcy No. 15-12778-elf |

| | | |
|---|---|---|
| North Point Condominium I Owners Assoc. | : | |
| Movant | : | Hearing Date: December 6, 2017 |
| | : | Time: 10:00 a.m. |
| v. | : | Location: Courtroom #1 |
| | : | |
| Erica Y. Young | : | |
| Respondent | : | |
| | : | |
| William C. Miller | : | |
| Trustee | : | |

### NOTICE OF MOTION,
### RESPONSE DEADLINE AND HEARING DATE

North Point Condominium I Owners Association (the "Movant"), by its undersigned counsel has filed a Motion for Relief with the court for Relief from the Automatic Stay Under 11 U.S.C. § 362(d)(1).

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult an attorney.)**

1.      If you do not want the court to grant the relief sought in the motion or if you want the court to consider your views on the motion, then on or before December 6, 2017 you or your attorney must do all of the following:

> (a)      file an answer explaining your position at:

> > Clerk
> > United States Bankruptcy Court
> > Eastern District of Pennsylvania
> > Robert N.C. Nix, Sr. Federal Courthouse
> > 900 Market Street, Suite 400
> > Philadelphia, PA 19107

If you mail your answer to the bankruptcy clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated above; and

> (b)      mail a copy to the movant's attorney:

Gregory B. Nalencz, Esquire
Binder & Canno, LLC
803 West Market Street
West Chester, PA 19382
Tel. 484-648-1814
Fax. 610-480-8479

2.     If you or your attorney do not take the steps described in paragraphs 1(a) and 1(b) above and attend the hearing, the court may enter an order granting the relief requested in the motion.

3.     A hearing on the motion is scheduled to held before the Honorable Judge Eric L. Frank on December 6, 2017 at 10:00 a.m. in Courtroom #1, United States Bankruptcy Court, Eastern District of Pennsylvania, Robert N.C. Nix, Sr. Federal Courthouse, 900 Market Street, Suite 400, Philadelphia, PA 19107. Unless the court orders otherwise, the hearing on this contested matter will be an evidentiary hearing at which witnesses may testify with respect to disputed material factual issues in the manner directed by Fed.R.Bankr.P.9014(d).

4.     If a copy of the motion is not enclosed, a copy of the motion will be provided to you if you request a copy from the attorney named in paragraph 1(b).

5.     You may contact the Bankruptcy Clerk's office at 215-408-2800 to find out whether the hearing has been canceled because no one filed an answer.

Dated:   11-10-17

BINDER & CANNO

BY:   _Gregory B. Nalencz_
GREGORY B. NALENCZ, ESQUIRE
Binder & Canno, LLC
803 W. Market St.
West Chester, PA 19382
Tel. 484-648-1814
Fax. 610-480-8479
Attorney for Movant,
North Point Condominium I Owners Association

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Erica Y. Young | : | Chapter 13 |
| Debtor | : | |
| | : | Bankruptcy No. 15-12778-elf |

| | | |
|---|---|---|
| North Point Condominium I Owners Assoc. | : | |
| Movant | : | Hearing Date: December 6, 2017 |
| | : | Time: 10:00 a.m. |
| v. | : | Location: Courtroom #1 |
| | : | |
| Erica Y. Young | : | |
| Respondent | : | |
| | : | |
| William C. Miller | : | |
| Trustee | : | |

### CERTIFICATE OF SERVICE

I, Gregory B. Nalencz, Esquire, hereby certify that I sent a true and correct copy of the

attached Motion for Relief from the Automatic Stay under 11 U.S.C. § 362(d)(1) either

electronically or via First Class Mail, postage prepaid, to those identified below, on

_November_ _10_, 2017.

William C. Miller, Esquire
Chapter 13 Standing Trustee
1234 Market Street
Suite 1813
Philadelphia, PA 19106

United States Trustee
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

Christian A. Dicicco, Esquire
Law Offices of Christian A. Dicicco
2008 Chestnut Street
Philadelphia, PA 19103

Erica Y. Young
3850 Woodhaven Road
Unit 706
Philadelphia, PA 19154

_Gregory B. Nalencz_
GREGORY B. NALENCZ, ESQUIRE
Attorney for the Movant

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: Erica Y. Young | : | Chapter 13 |
| Debtor | : | |
| | : | Bankruptcy No. 15-12778-elf |

| | | |
|---|---|---|
| North Point Condominium I Owners Assoc. | : | |
| Movant | : | Hearing Date: |
| | : | Time: |
| v. | : | Location: |
| | : | |
| Erica Y. Young | : | |
| Respondent | : | |
| | : | |
| William C. Miller | : | |
| Trustee | : | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362(d)(1)

North Point Condominium I Owners Association ("Movant") hereby moves this Court, pursuant to 11 U.S.C. §362(d) of the Bankruptcy Code, for relief from the automatic stay with respect to the real Premises known as 3850 Woodhaven Road, Unit 706, Philadelphia, Pennsylvania 19154, the Philadelphia Municipal Court action docket # SC-13-02-26-5647, and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

### PARTIES

1. A voluntary petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on April 22, 2015.

2. Movant North Point Condominium I Owners Association is the homeowners association for the owner of the real Premises located at 3850 Woodhaven Road, Apt. 706, Philadelphia, PA 19154 (the "Premises").

3. William C. Miller is the Trustee appointed to this case.

## BACKGROUND

4. Debtor Erica Y. Young is the owner of record at the Premises. A copy of a Philadelphia Property record is attached hereto as "Exhibit A."

5. As an owner of the Premises, Debtor is subject to the Declaration and By-Laws of North Point Condominium I Owners Association. A true and correct copy of the relevant sections of which is attached hereto as "Exhibit B."

6. The Declaration and By-Laws provide that its owners are obligated to pay monthly assessments, fees, and dues (the "ongoing dues"). Failure to pay those ongoing dues can result in collection's activities and the addition of reasonable attorney's fees and costs that the Movant incurs as a result of those collection activities.

7. Debtor failed to pay the ongoing dues to the Movant.

8. On February 20, 2013, Movant filed a Small Claims Complaint against the Debtor in Philadelphia Municipal Court, docket # SC-13-02-26-5647, seeking payment of the ongoing dues and attorney's fees accrued.

9. Movant and debtor entered into a Judgment by Agreement in the amount of $11,787.60 on April 9, 2013 in the Philadelphia Municipal Court.

10. Debtor failed to make payments in a timely fashion and on October 22, 2013, a Breach of Judgment by Agreement was filed in the Philadelphia Municipal Court.

11. Movant attempted to levy on debtor's personal property in order to fulfill the terms of the Judgment by Agreement, but was unsuccessful.

12. On April 22, 2015, Movant received a Notice of Chapter 13 Bankruptcy filing from the
    Law Offices of Christian A. Dicicco. The Municipal Court matter was therefore deferred
    due to this bankruptcy case.

13. On or around April 27, 2015 Movant filed its Proof of Claim with this honorable court. A
    true and correct copy of which is attached hereto as "Exhibit C."

14. On November 17, 2015 this Court approved the Plan of Debtor (the "Plan") providing,
    inter alia, that Debtor pays Movant Two Thousand One Hundred Eighty Two Dollars and
    Six Cents ($2,182.06) towards the balance due as of the date of the bankruptcy filing. A
    true and correct copy of the Plan is attached hereto as "Exhibit D".

15. Although Debtor has made payments to Movant after the filing date of the bankruptcy,
    the payments have not been consistent and therefore have placed a financial burden on all
    of the other members of the homeowners association through unjust enrichment. The
    total balance owed by Debtor to Movant as of the date of this filing is now Nineteen
    Thousand Nine Hundred Fifty-Seven Dollars and Twenty-Four Cents ($19,957.24),
    representing a mere reduction of only Twenty-Two Dollars and Thirty-Nine Cents
    ($22.39) over two years and six months from the date of Debtor's bankruptcy filing.

16. Movant has failed to pay Two Thousand Two Hundred Forty-One Dollars and Sixty-
    Seven Cents ($2,241.67) for common area expenses and utilities since the filing of the
    bankruptcy, to the benefit of Debtor and detriment of all other members of the
    homeowners association.

17. Movant needs to pursue and collect upon dues owed after the date of filing of the
    bankruptcy as well as ongoing dues as they are incurred.

18. Accordingly, Movant requests that either the Plan be dismissed or relief from stay be granted.

19. Upon relief from stay, Movant would seek the money damages at issue owed to the Association.

## ARGUMENT

20. Paragraphs above are incorporated herein by reference as if fully set forth at length.

21. Under the confirmed Chapter 13 plan, Trustee is to pay Two Thousand One Hundred Eighty Two Dollars and Six Cents ($2,182.06) over three years to the Movant.

22. The Debtor currently occupies the Premises as an owner and Movant avers that Debtor has not paid her full ongoing dues and fees since March of 2017. Movant further avers that it has received twelve (12) disbursement payments from Trustees office totaling Two Thousand Eight Hundred Seventy-Four Dollars and One Cent ($2,874.01) and attempts to resolve with Debtor's attorney the matter regarding the non-payment of ongoing dues by Debtor have been without success.

23. Neither the Debtor nor the Trustee has provided Movant with adequate assurance that the pre-petition debt arising from ownership of the Premises will be cured or of future performance under Debtor's continued ownership of the Premises, if any.

24. Movant lacks adequate protection in the Premises.

25. The Premises is not necessary for an effective reorganization.

26. Good cause exists for the Court to grant Movant's requested relief.

WHEREFORE, Movant respectfully requests this Honorable Court to issue an Order granting the following:

(1) relief from the automatic stay under 11 U.S.C. § 362 with respect to the Premises, as to permit Movant to proceed with any and all applicable state law remedies to collect the debt owed on the Premises arising post-filing of Debtor's Petition on April 22, 2015;

(2) any other relief in law or equity that this Court shall deem fit.

Respectfully submitted,

BINDER & CANNO

BY: _____

GREGORY B. NALENCZ, ESQUIRE
Binder & Canno, LLC
803 W. Market St.
West Chester, PA 19382
Tel. 484-648-1814
Fax. 610-480-8479
Attorney for Movant,
North Point Condominium I Owners Association

# EXHIBIT A

# 3850 WOODHAVEN RD UNIT 706

Philadelphia, PA 19154-2768

OWNER

# YOUNG ERICA Y

MAILING ADDRESS
3850 WOODHAVEN RD UNIT 706
Philadelphia, PA
19154-2768

VALUATION HISTORY

| Year | Market Value | Taxable Land | Taxable Improvement | Exempt Land | Exempt Improvement |
|------|-------------|-------------|---------------------|-------------|---------------------|
| 2018 | $77,500 | $13,175 | $34,325 | $0 | $30,000 |
| 2017 | $77,500 | $13,175 | $34,325 | $0 | $30,000 |
| 2016 | $75,200 | $7,520 | $37,680 | $0 | $30,000 |
| 2015 | $75,200 | $7,520 | $67,680 | $0 | $0 |
| 2014 | $75,200 | $7,520 | $67,680 | $0 | $0 |
| 2013 | $30,300 | $1,608 | $8,088 | $0 | $0 |
| 2012 | $30,300 | $1,608 | $8,088 | $0 | $0 |

SALES DETAILS

SALES PRICE: **$48,500**          SALES DATE: **4/4/2000**

PROPERTY DETAILS

OPA ACCOUNT: **888660324**
HOMESTEAD EXEMPTION: **Yes**
DESCRIPTION: **RES CONDO 2 STY MAS+OTH**
CONDITION: **Average**
BEGINNING POINT: **SEC COVERT RD**
LAND AREA (SQFT): **0**
IMPROVEMENT AREA (SQFT): **880**
ZONING: **RM-2**
Zoning data source: Planning and Development

CORRECTIONS OR QUESTIONS ABOUT THIS INFORMATION?:

TRASH & RECYCLING

TRASH & RECYCLING DAY: **Monday**          LEAF COLLECTION: Saturday Bag Dropoff

SERVICE AREAS

## School Catchment

ELEMENTARY SCHOOL: Fitzpatrick MIDDLE
SCHOOL: Fitzpatrick HIGH SCHOOL:
Washington HS

## Political

2016 COUNCILMANIC DISTRICT: 10 WARD:
66 WARD DIVISIONS: 6639

## Public Safety

POLICE DISTRICT: 8 POLICE PUBLIC
SERVICE AREA: 083 POLICE DIVISION: NEPD

## Districts

PLANNING: Lower Far Northeast LICENSES
AND INSPECTIONS (L+I): East

## Streets

HIGHWAY DISTRICT: 6 HIGHWAY SECTION:
6G HIGHWAY SUBSECTION: 6G4 STREET
LIGHT ROUTES: 39 TRAFFIC DISTRICT: 3
TRAFFIC PM DISTRICT: 3322

TRASH & RECYCLING DAY: Monday LEAF
COLLECTION DAY: Saturday Bag Dropoff
RECYCLING DIVERSION RATE: 20.9%
SANITATION AREA: 6 SANITATION DISTRICT:
6B

# EXHIBIT B

2.    If any condominium fee, utility fee, late fee or other charge is not paid in full within thirty (30) days after the due date, the matter may, at the discretion of the Property Manager or the Board of Directors, be referred to the Association attorney for appropriate legal action.  In accordance with the Pennsylvania Uniform Condominium Act and the condominium documents, the unit owner will be held responsible for the entire cost of such legal action.  In addition, delinquent accounts and/or judgments obtained by the Association may be reported to the appropriate credit bureau.

3.    If an account is delinquent for more than sixty (60) days, the Board of Directors may accelerate all of the fees and charges to become due for the current fiscal year.

**ACCELERATION OF THE BALANCE OF FISCAL YEAR CONDOMINIUM FEES WILL BE EXERCISED IN CASE OF CHRONIC DELINQUENCIES.**

4.    Any unit owner who is delinquent in the payment of any fees or charges due to the Association (1) will not be permitted to park any vehicles on the condominium property, (2) will not be permitted to use the pool or other common facilities, (3) will not be permitted to vote in any Association election or ballot, and (4) will not be permitted to seek or hold a position on the Board of Directors.

5.    In accordance with the required Lease Addendum and/or Non-Owner Acknowledgement (see Sections J and K, infra), in the event any Unit Owner is delinquent in their monthly fee or assessments, tenants or other occupants of the unit will be required to pay part or all of their rent directly to the Association until balance is paid or until their lease is expired.

B.    SOLICITATION AND ADVERTISING

1.    Commercial solicitation of any kind is prohibited on the condominium property.

2.    No signs, posters, fliers, circulars, handouts or other forms of advertising shall be distributed anywhere on the condominium property.

3.    No signs, posters, fliers, circulars, handouts or other forms of advertising shall be placed or erected anywhere on the condominium property, except as follows:

(a)    a "For Sale" sign advertising a unit for sale may be placed in a 6:00 P.M. on Sundays. Only one such sign per unit (and only one per realtor) shall be permitted on any given weekend.

(b) "Open House" signs may be placed on the property on a temporary basis, during daylight hours on Saturdays and Sundays only.

4.    The Board of Directors may, upon written request, permit non-commercial signs or fliers to be distributed on the condominium property.

D 0022 552

per annum from the due date until paid.  In the sole discretion of
the Board of Directors, a late charge of $50.00 per assessment or
monthly installment thereof not paid by the 10th of the month when
due, or "paid" with a check returned by the Unit Owner's bank
unpaid, may be assessed against a delinquent Unit Owner.  Common
Expense Charges shall be due and payable monthly on the first (1st)
day of each month.

9.03 ASSOCIATION'S LIEN.  The Association shall have a lien
on each Unit for any unpaid Common Expense Charges, together with
interest thereon, owed by the Unit Owner of such Unit.  Reasonable
attorney's fees (including fees in appellate proceedings) incurred
by the Association incident to the collection of any Common Expense
Charges or the enforcement of such lien, together with sums
advanced or paid by the Association in order to preserve and
protect its lien, shall be payable by the Unit Owner upon demand
and shall be secured by such lien.  A Unit Owner shall additionally
be personally liable to the Association for unpaid Common Expense
Charges which are made during the period that the Unit is owned by
such Unit Owner.

9.04 COLLECTION OF UNPAID COMMON EXPENSE CHARGES.  The Board
of Directors may take such action as it deems necessary to collect
Common Expense Charges by personal action, or by enforcing and
foreclosing said lien, and may settle and compromise the same, as
it shall so determine.  Said lien shall be effective from and after
the time the Common Expense Charge becomes due, and shall have the
priorities established by the Condominium Act.  Subject to the

18

# EXHIBIT C

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT    Eastern District of Pennsylvania | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Erica Young | Case Number:<br>15-12778 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>North Point Condominium I Owners Association | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>Binder & Canno, LLC<br>803 W. Market Street<br>West Chester, PA 19382<br><br>Telephone number:<br>(484) 648-1814 | **Court Claim Number:**_____<br>(*If known*)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $            11,787.60<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:**    condo dues and fees<br>(See instruction #2 on reverse side.)<br>**3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>   **3a. Debtor may have scheduled account as:** _____<br>   (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☑ Real Estate   ☐ Motor Vehicle   ☐ Other<br>**Describe:** condo dues<br><br>**Value of Property:**$    120,000.00  **Annual Interest Rate**_____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____  **Basis for perfection:** 68 Pa.C.S.§3315<br><br>**Amount of Secured Claim:** $    2,182.06  **Amount Unsecured:** $        9,605.54 | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| | |
|---|---|
| **Date:**<br>04/25/2015 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*Gregory B. Maloney*   Gregory B. Valence, Esq. | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# EXHIBIT D

## United States Bankruptcy Court
### Eastern District of Pennsylvania

In re   **Erica Y. Young**_____   Case No.   **15-12778**_____

                                        Debtor(s)                Chapter    **13**_____

## CHAPTER 13 PLAN - AMENDED

1. Payments to the Trustee: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$485.00** per month for **36** months.

   Total of plan payments: **$17,460.00**

2. Plan Length: This plan is estimated to be for **36** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee:  **10.00%**
      (2) Attorney's Fee (unpaid portion):  **$3,415.00 to be paid through plan in monthly payments**
      (3) Filing Fee (unpaid portion):  **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

         (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

         **-NONE-**_____

         (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

         | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
         |---|---|---|
         | **-NONE-** | | |

         (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

         Claimant and proposed treatment:   **-NONE-**_____

      (2) Other Priority Claims.

         | Name | Amount of Claim | Interest Rate (If specified) |
         |---|---|---|

|       | Name | Amount of Claim | Interest Rate (If specified) |
|-------|------|-----------------|------------------------------|
|       | -NONE- | | |

c.  Secured Claims

(1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|------|---------------------------|----------------------------------|
| -NONE- | | |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|------|------------------------------------------|-----------------|------------------------------|
| -NONE- | | | |

(b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan as set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Interest Rate (If specified) |
|------|------------------------------------------|------------------------------|
| North Point I Condominium Owners Assoc. | 2,182.06 | 0.00% |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|------|-----------------|-----------------|------------------------------|
| -NONE- | | | |

d.  Unsecured Claims

(1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|------|-----------------|------------------------------|
| -NONE- | | |

(2) General Nonpriority Unsecured: Other unsecured debts shall be paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5.  The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|----------|-------------------------------|------------------------------|
| MidFirst Bank | 3,179.05 | 0.00% |

6.  The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|------|-----------------|-----------------|------------------------------|
| MidFirst Bank | 33,161.37 | 257.37 | 4.25% |
| US Dept of Housing and Urban Development | 12,477.26 | 0.00 | 0.00% |

7.  The employer on whom the Court will be requested to order payment withheld from earnings is:
NONE. Payments to be made directly by debtor without wage deduction.

8.  The following executory contracts of the debtor are rejected:

Other Party                                  Description of Contract or Lease
**-NONE-**

9.  Property to Be Surrendered to Secured Creditor

Name                     Amount of Claim        Description of Property
**-NONE-**

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

Name                     Amount of Claim        Description of Property
**-NONE-**

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:
**Debtor shall turnover to the Trustee, for distribution to General Unsecured Creditors through the Plan, all net
proceeds, in excess of available exemptions, realized as a result of any award and/or settlement of her personal
injury cause of action listed in Schedule B within 10 days of Debtor's receipt thereof.**

Date **October 19, 2015**                Signature   /s/ Erica Y. Young
                                                     **Erica Y. Young**
                                                     Debtor

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy